LPER CURIAM.
Formal charges were lodged against respondent on May 4, 1994. Respondent was charged with four counts of misconduct due to his failure to appear in court on behalf of his clients, and one count for his failure to timely remit funds belonging to a client as the result of a personal injury settlement.
In Count I, respondent represented one Luther C. Smith in case No. 336-161 “H” in Orleans Parish Criminal District Court. On July 11, 1990, respondent failed to appear in court on behalf of Mr. Smith. On July 12, 1990, a hearing was held after which he was found guilty of contempt. On December 18, 1990. Mr. Smith was sentenced to 10 years at hard labor but again, respondent did not appear.
In Count II, respondent represented Larry J. Levy in case No. 332-049 “J” in Orleans Parish Criminal District Court. On June 19 and August 18, 1989, respondent did not appear in court on behalf of Mr. Levy.
In Count III, respondent represented Clarence Laday in case No. 345-700 “F” in Orleans Parish Criminal District Court. On several occasions, respondent did not appear in court on behalf of his client.
In Count IV, respondent represented Jo-van Robinson in case No. 333-874 “H” in Orleans Parish Criminal District Court. Respondent failed to appear in court on June 13 & 15, 1989. On appeal, the fourth circuit ordered respondent to file assignments of error and brief on behalf of Mr. Robinson on or before May 22, 1992, or show cause why he should not be held in contempt. Respondent failed to file the assignments of error and brief. Additionally, he failed to appear in court on May 28,1992.
|2In Count V, respondent represented the minor Glenn Payne in a civil matter. Upon settlement, respondent received a draft in the amount of $5,000.00 and deposited the funds into his client’s trust account on December 17, 1990. Of the $5,000.00 settlement, $3000.00 belonged to Mr, Payne but at certain times prior to delivering the client’s portion, the account balance fell below $3,000.00. In mitigation, the record shows that Mr. Payne reached the age of majority and instead of turning the funds over to his mother, respondent attempted to locate this client but his whereabouts were unknown. Upon learning that Mr. Payne was being housed at Angola Penitentiary, respondent made an appointment with prison officials to visit his client and deliver his portion of the settlement. On August 21, 1991 the funds were delivered to Mr. Payne. Another mitigating factor was respondent’s continued representation of defendants at Criminal District Court (Orleans) who could not afford to hire an attorney.
After reviewing the evidence in this case, the assigned Hearing Committee found respondent guilty on all charges. The Hearing Committee determined that respondent’s misconduct was a result of gross neglect, rather than any intent to convert his client’s property to his own use. The Committee recommended a two month suspension, probation of one year during which time respondent was to hire a C.P.A, perform quarterly audits of his trust account and file written reports of the audits with disciplinary counsel within fifteen days of the report. Disciplinary Counsel urges that the Committee’s recommendation is too lenient and that a three year suspension is more appropriate.
On January 10, 1996, the Disciplinary Board submitted its recommendation to this court. The Board felt that respondent had seen the error of his ways and was committed to changing his prior behavior. They recommended that respondent be suspended from the practice of law for six months, with the imposition of suspension being deferred and that he be placed on probation for one year subject to the following conditions:
1. A probation monitor be appointed who will monitor respondent’s compliance with the conditions of probation, assist in his case and law office management including the proper use of his trust account and provide quarterly reports to the Office of Disciplinary Counsel as to his compliance with the conditions of probation;
2. Respondent shall retain the services of a C.P.A. who is acceptable to Disciplinary Counsel who will perform quarterly audits of his trust account, and file full written reports of the audits "with Disciplinary *176 Counsel within 15 days of the audit’s completion;
3. During the probationary year respondent shall earn 6 of his 15 OLE credit hours in the area of law office management for the solo or small practitioner;
134. Respondent shall pay all costs currently owed to the Disciplinary Board as a result of this and any other disciplinary matter.
5. Any violation of the probation terms shall be heard by a panel of the Disciplinary Board, using whatever appropriate procedure and report to the Court by the Disciplinary Board, along with their recommendation which may include extension or revocation of probation, with respondent being returned to suspended status, or whatever recommendation the Board deems appropriate.
6. That a one year period of probation should commence from the date that a written probation agreement is executed by respondent, his probation monitor and the Office of Disciplinary Counsel.
Based on the record before us, respondent should be reprimanded for his actions. We order that respondent be suspended from the practice of law for six months with the imposition of suspension being deferred, and respondent is placed on probation for one year subject to the six (6) conditions outlined by the Disciplinary Board.
SIX MONTH SUSPENSION ORDERED; SUSPENSION DEFERRED; ONE YEAR PROBATION ORDERED WITH CONDITIONS.
WATSON, J., dissents from deferring the suspension.